IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MELISSA BRINGMAN,

    Plaintiff,

v.                              Civil Action No. 5:05CV64
                                        (STAMP)

CNA INSURANCE COMPANIES and
CONTINENTAL CASUALTY COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS OF
DEFENDANT CNA INSURANCE COMPANIES**

I. Procedural History

The above-styled civil action arises out of allegations by the plaintiff, Melissa Bringman, that the defendants, CNA Insurance Companies ("CNA") and Continental Casualty Company, mishandled an automobile insurance claim that she submitted following a motor vehicle accident involving an individual who was insured by the defendants. The plaintiff commenced this case against CNA in the Circuit Court of Ohio County, West Virginia. Thereafter, CNA removed the case to this Court and filed an answer to the plaintiff's complaint. Following removal, the action was stayed pending resolution of the plaintiff's claim against both the driver and the owner of the motor vehicle involved in the underlying automobile accident. The plaintiff filed a motion to lift the stay for the limited purpose of amending her complaint to add Continental Casualty Company as a defendant. This Court granted

the plaintiff's motion, and the amended complaint was filed. Thereafter, the parties filed a joint status report stating that the underlying claim was dismissed, and this Court lifted the stay. After the stay was lifted, Continental Casualty Company filed an answer to the amended complaint.

Now before the undersigned is a motion to dismiss by defendant CNA and the plaintiff's response thereto. This Court has considered the motion to dismiss and the plaintiff's response and concludes, for the reasons stated below, that CNA's motion to dismiss must be denied.

## II. Discussion

CNA moves to dismiss the complaint against it for lack of personal jurisdiction, insufficiency of service of process and failure to state a claim upon which relief can be granted. In support of its motion, CNA states that it is not a legal entity which can sue or be sued. Rather, CNA contends that "CNA Insurance Companies" is simply a fleet name for certain insurance underwriting companies. CNA asserts that defendant Continental Casualty Company is one of several insurance companies authorized to use the CNA service mark in its business operations and that Continental Casualty Company is the entity that issued the insurance policy at issue in this litigation. Therefore, CNA argues that it is not a proper party to this litigation. The

plaintiff responds that CNA is an unincorporated association that has received proper service of her amended complaint.

A. <u>Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Process</u>

Under Federal Rule of Civil Procedure 12(h), a defendant raising a defense of insufficient service of process or lack of personal jurisdiction must do so in the party's first responsive pleading or by motion before the first responsive pleading or else the right to raise those defenses is waived. In this case, defendant CNA did not raise personal jurisdiction or service of process in its answer to the plaintiff's complaint. It is well-settled that defendants who desire to raise one of these defenses "must do so in their first defensive move, be it a Rule 12 motion or a responsive pleading." <u>Glater v. Eli Lilly & Co.</u>, 712 F.2d 735, 738 (1st Cir. 1983)(citations omitted). By failing to raise a defense identified in Rule 12(h)(1) either in a pre-answer motion or in its answer, a defendant "waives that defense and submits to the personal jurisdiction of the court . . . ." <u>Pusey v. Dallas Corp.</u>, 938 F.2d 498, 501 (4th Cir. 1991). Because CNA failed to raise lack of personal jurisdiction and insufficient service of process in its answer, those threshold defenses are waived, and CNA is deemed to have conferred personal jurisdiction on this Court by consent.

B.  <u>Motion to Dismiss for Failure to State a Claim</u>

CNA's motion to dismiss for failure to state a claim, on the other hand, is not waived.  Unlike the defenses of lack of personal jurisdiction and insufficiency of process, a Rule 12(b)(6) defense of failure to state a claim upon which relief can be granted "may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."  Fed. R. Civ. P. 12(h)(2).  In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true.  <u>Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp.</u>, 910 F.2d 139, 143 (4th Cir. 1990).  Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'"  <u>Id.</u> at 143-44 (quoting <u>Johnson v. Mueller</u>, 415 F.2d 354, 355 (4th Cir. 1969)); <u>see also</u> <u>Rogers v. Jefferson-Pilot Life Ins. Co.</u>, 883 F.2d 324, 325 (4th Cir. 1989).

For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1357, at 304, 310 (2d ed. 1990).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the facts as alleged in the complaint clearly demonstrate that the plaintiff does not state a claim and is not entitled to relief under the law. 5A Wright & Miller, supra § 1357, at 344-45.

In its notice of removal, CNA stated that "CNA Insurance Companies is a foreign corporation, incorporated under the laws of Delaware, and with its principal place of business in Chicago, Illinois." Nonetheless, CNA now asserts that it is not a legal entity that can sue and be sued and that, therefore, it is entitled to dismissal pursuant to Rule 12(b)(6). Specifically, CNA contends that "CNA Insurance Companies" is simply a fleet name for insurance underwriting companies, one of which is defendant Continental Casualty Company. Despite the inconsistency of this position with CNA's representations in its notice of removal, the plaintiff does not argue that CNA is, in fact, a foreign corporation incorporated under the laws of Delaware. Rather, the plaintiff contends that dismissal is not appropriate because CNA is an unincorporated association, and service was properly effected on Continental Casualty Company, which is a general agent for CNA.

An "unincorporated association" is one "that is not a legal entity separate from the persons who compose it." Black's Law

5

Dictionary 119 (7th ed. 1999). In this case, CNA is an unincorporated association because several entities, one of which is defendant Continental Casualty Company, organize under its "fleet name" or "service mark" to conduct insurance business.

Pursuant to Federal Rule of Civil Procedure 17(b), "the capacity to sue or be sued shall be determined by the law of the State in which the district court is held . . . ." West Virginia permits lawsuits against unincorporated associations where a representative group of the association's members are joined.[1] See Jefferson Co. Bd. of Educ. v. Jefferson Co. Educ. Ass'n, 393 S.E.2d 653, 661 (W. Va. 1990)("In the absence of a statute or rule of practice authorizing such procedure, an unincorporated society or association cannot be sued as an entity by its name, nor can judgment be rendered against it merely by name; but to confer jurisdiction, the members composing the association, or some of them, must be named as parties and process served upon them individually."); Fairmont v. Retail, Wholesale, and Dept. Store Union, 283 S.E.2d 589, 595 (W. Va. 1981)("[W]e permit the suit against an unincorporated association by joining a representative

---

[1] Although the West Virginia Supreme Court of Appeals has stated that "[w]e think that the safe practice is to name more than one member of an unincorporated association in order to 'ensure adequate representation of all members,'" joining more than one member is not required. Jefferson County Bd. of Educ., 393 S.E.2d at 661 n.19.

group of its members.  This appears to be the more enlightened rule.").

In this case, the plaintiff has joined Continental Casualty Company as a defendant.  Continental Casualty Company is a member of CNA because it is one of several insurance underwriting companies authorized to use the CNA service mark in its business operations.  (Def.'s Motion to Dismiss ¶ 4.)  Accordingly, a cause of action exists against CNA as an unincorporated association such that it is not subject to dismissal under Rule 12(b)(6).

### III. Conclusion

For the above-stated reasons, the motion to dismiss of defendant CNA Insurance Companies is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    November 1, 2007


                                              /s/ Frederick P. Stamp, Jr.
                                              FREDERICK P. STAMP, JR.
                                              UNITED STATES DISTRICT JUDGE